IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00827-MEH

CHRISTOPHER TATE, as Attorney in Fact for Carolyn Jefferson, and
CHRISTOPHER TATE, individually,

    Plaintiffs,

v.

SNH CO TENANT LLC d/b/a Cedars Healthcare Center,
FVE MANAGERS, INC.,
FIVE STAR SENIOR LIVING INC.,
MATTHEW K. STORRS, and
KRISTINE C. BOGGS,

    Defendants.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiffs' Motion to Remand Case to State Court. ECF 17. The Motion is fully briefed, and the Court finds that oral argument would not materially assist in its adjudication. As set forth below, the Motion is denied.

## BACKGROUND

    Plaintiff filed suit in state court on March 21, 2022. ECF 3. Plaintiffs served Defendant Matthew K. Storrs ("Mr. Storrs") on March 29, 2022 and served Defendant Kristine C. Boggs ("Ms. Boggs") on March 30, 2022. ECF 17-1. On April 6, 2022, Mr. Storrs removed the case to this District pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. ECF 1 at 1. In his Notice of Removal, Mr. Storrs indicated that "[t]o [his] knowledge and belief, none of the other Defendants

have been served with the Complaint." *Id.* On May 3, 2022, Ms. Boggs filed a Notice of Consent to Removal. ECF 16. The next day, Plaintiffs filed the present Motion. ECF 17.

## LEGAL STANDARDS

"'Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.'" *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (quoting *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1274 (10th Cir. 2012)). Federal statutory law permits the removal of any civil case brought in state court for which the federal district courts have original jurisdiction. 28 U.S.C. § 1441(a). A defendant's notice of removal generally is due no later than thirty days after receiving the initial pleading through service or otherwise. 28 U.S.C. § 1446(b)(1). "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A); *see also Scheall v. Ingram*, 930 F. Supp 1448, 1449 (D. Colo. 1996) ("It is well established that removal generally requires unanimity among the defendants.") (cleaned up). "Each defendant shall have [thirty] days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." *Id.* § 1446(b)(2)(C). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citation omitted).

## ANALYSIS

Plaintiffs request remand for two reasons: (1) Mr. Storrs did not have the consent of all served parties at the time he removed; and (2) Ms. Boggs's consent to removal is untimely. Mr.

2

Storrs and Ms. Boggs oppose remand on three grounds: (1) Mr. Storrs's Notice of Removal is not procedurally defective; (2) even if it is, Ms. Boggs properly consented to removal prior to the filing of any motion to remand; and (3) Plaintiffs waived the right to seek remand by filing an amended pleading in this District. Because the issue of waiver is a threshold question, the Court will address those arguments first before proceeding to examine whether the Notice of Removal in this case was procedurally defective.

**I.     Waiver**

Mr. Storrs and Ms. Boggs argue that by filing an Amended Complaint, Plaintiffs have waived the right to seek remand. ECF 28 at 10. Plaintiffs respond that the filing of the Amended Complaint was done as a matter of right and does not constitute an affirmative action in this forum. ECF 30 at 11. "[P]laintiffs cannot voluntarily invoke, and then disavow, federal jurisdiction." *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998); *see also Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1095 (10th Cir. 1970) (holding that a defective removal may be waived "by the plaintiff by not objecting and by proceeding with the suit . . . .").

Although not binding precedent, the Court finds *Swanson v. U.S. Bank, N.A.* persuasive. No. 2:10cv01258-DS, 2011 WL 1584836, at *1 (D. Utah Apr. 26, 2011). In that case, the court faced the same situation[1] that occurred in this case; that is, after the plaintiffs moved for remand, they filed an amended pleading as a matter of right in response to a motion to dismiss. *Id.* The court began by noting that "it does not appear that the Tenth Circuit has explicitly adopted waived in the context presented here . . . ." *Id.* The court concluded that the plaintiffs had not "waived their

---

[1] The court in *Swanson* also considered and distinguished many of the cases cited by Mr. Storrs and Ms. Boggs here. 2011 WL 1584836, at *2 (distinguishing *Akin*, 156 F.3d at 1036 and *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996)). The Court agrees with that analysis and finds it applicable in this case.

right to remand because there was no affirmative federal court conduct prior to filing their Motion for Remand." *Id.* The same is true here. Plaintiffs first affirmative action in this case was to file the Motion. A motion to remand does not automatically stay the case, so other deadlines continue to run. But far from taking advantage of this federal forum by requesting relief, Plaintiffs chose to file the Amended Complaint as a matter of right pursuant to Fed. R. Civ. P. 15. The Court notes that this option would have also been available to Plaintiffs in state court pursuant to Colo. R. Civ. P. 15. Therefore, the Court finds that Plaintiffs have not waived their right to seek remand.[2]

## II. Procedural Defect

Plaintiffs' primary argument for remand is that Mr. Storrs failed to obtain the consent of Ms. Boggs prior to removal. Mr. Storrs does not deny that Ms. Boggs had been served before he filed his Notice of Removal, but he argues that Plaintiff had not filed the proof of service on the state court docket which prevented him from knowing whether Ms. Boggs had in fact been served. The removal statute is unambiguously clear: "When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (emphasis added). "If the words of the statute have a plain and ordinary meaning, [courts] apply the text as written." *Fruitt v. Astrue*, 604 F.3d 1217, 1220 (10th Cir. 2010) (citation omitted). The statute indicates that all defendants who have been *served* must join in or consent to the removal. If Ms. Boggs was served at the time—which she was (ECF 17-1)—her consent was required.

---

[2] Mr. Storrs and Ms. Boggs also seek to impose a waiver on Plaintiffs for other actions, such as Plaintiffs agreeing to a stipulation for Ms. Boggs to respond to the Complaint. ECF 10. The Court is likewise unpersuaded that those actions constituted waiver since the first affirmative act in this forum by Plaintiffs was to seek remand.

In *Khan v. United Supermarkets, LLC*, the plaintiff filed suit against two defendants: United Supermarkets LLC ("United") and Albertsons LLC ("Albertsons"). No. CIV 1:20-cv-1307 RB/JHR, 2021 WL 2550254, at *1 (D.N.M. June 22, 2021). United removed the case to federal court, and the plaintiff sought to remand based on the lack of unanimous consent from all defendants. *Id.* at *2. "United's Notice of Removal stated that no other defendant has been served with the Complaint, because their counsel was not aware Albertsons was served until counsel for Plaintiff provided the Returns of Service in its proposed Motion to Remand." *Id.* (cleaned up). Although United claimed an "inadvertent oversight" and relied on its "good faith understanding at the time," *id.*, the court was unpersuaded. The court held that "United 'is not excused from the consent requirement merely because it [did] not know whether a co-defendant [had] been served.'" *Id.* (quoting *Brady v. Lovelace Health Plan*, 504 F. Supp. 2d 1170, 1173 (D.N.M. 2007)). The court based its conclusion on the fact that "United should have taken steps to determine whether Albertsons had also been served before filing its notice of removal." *Id.*

The arguments by Mr. Storrs and Ms. Boggs do not persuade the Court to deviate from the outcome in *Khan*. Ms. Boggs was served at the time Mr. Storrs filed his Notice of Removal. Because there was not unanimous consent by all served parties at the time of removal, the Notice of Removal was procedurally defective.

**III.    Consent**

Both "parties agree that [Ms.] Boggs had an opportunity to cure [Mr.] Storrs'[s] defective removal." ECF 30 at 8. Put differently, the parties agree that Ms. Boggs could indicate her consent to removal after the fact. However, the parties disagree as to when Ms. Boggs could cure the otherwise defective removal. Plaintiffs believe that Ms. Boggs could have timely consented to removal only within the original thirty-day deadline prescribed by statute by when she could have

5

removed the case. *Id.* at 8–9. Mr. Storrs and Ms. Boggs contend that so long as the consent is indicated prior to any motion to remand, the consent is timely. ECF 28 at 9.

Under an older version of the removal statute, there existed a circuit split on when the clock for filing a notice of removal began to tick. *Silli v. Meininger*, No. 12-cv-00289-LTB-CBS, 2012 WL 1015803, at *2 (D. Colo. Mar. 23, 2012) (explaining history of older statute and noting circuit split). The question centered on whether the clock began to run "upon service of the *first* or *last* defendant." *Id.* In 2011, Congress resolved that debate with the passage of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), Pub. L. No. 112-63, § 203(b), 125 Stat. 758 (Dec. 7, 2011), which amended Section 1446(b). "The amendment codified the 'last-served' rule." *Silli*, 2012 WL 1015803, at *3. This rule "allowed each defendant 30 days from the date he was served to file a notice of removal, 'regardless of when—or if—previously served defendants had filed such notices.'" *Id.* at *2 (quoting *Marano Enters. V. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001)).

Plaintiffs' theory in their Motion is that, similar to the last-served rule, a party cannot consent to removal after the thirty-day window in which it had time to remove the case. The Tenth Circuit has not addressed the issue of whether a consent filed after the thirty days to file a notice of removal constitutes a timely consent to removal. *Szuszalski v. Fields*, No. 1:19-cv-0250 RB-CG, 2019 WL 5964602, at *9 (D.N.M. Nov. 13, 2019). Looking at cases arising from the district courts in the Tenth Circuit, there are some District of New Mexico cases finding that a party must indicate consent to removal within the thirty-day deadline. For instance, in *Bonadeo v. Lujan*, the court unambiguously stated that "[r]emand is required if all the defendants fail to consent to the petition for removal within the thirty-day period." No. CIV08-0812 JB/ACT, 2009 WL 1324119, at *6 (D.N.M. Apr. 30, 2009). Although that case was decided pre-JVCA, other courts have made

6

similar conclusions post-JVCA. *E.g.*, *Zambrano v. N.M. Corr. Dep't*, 256 F. Supp. 3d 1179, 1184–85 (D.N.M. 2017) ("The Court reads the various cases submitted by the parties, as well as the structure of 28 U.S.C. § 1446(b), to stand for the proposition that when there are multiple defendants, all served defendants must consent to removal within thirty days from when the last defendant was served."). But not all decisions from the District of New Mexico are in agreement. *E.g.*, *Szuszalski*, 2019 WL 5964602, at *11 (refusing to impose a deadline on consent because the statute is silent on any deadline).

The parties have cited, and the Court could find, only two, on-point cases from this District. First, in *Centura Health Corporation v. Agnew*, the court found that the deadline to consent to removal is not tied to the thirty-day removal deadline. No. 18-cv-00569-RBJ, 2018 WL 3454976, at *4 (D. Colo. July 18, 2018). Relying on a case out of the District of New Mexico, the court agreed that the statute was silent as to any deadline for the filing of consent but noted that "'defendants face a de facto time limit for consent to removal' because a motion to remand a case must be made within thirty days after the notice of removal is filed." *Id.* (quoting *Padilla v. Am. Modern Home Ins. Co.*, 282 F. Supp. 3d 1234, 1265 (D.N.M. 2017)). In other words, while the statute does not demand a deadline for consent, "the de facto deadline must be sometime before the end of the thirty[-]day period in which plaintiffs may seek to remand the case." *Id.* at *5. The court in *Sage Communications Corporation of Colorado, LLC v. Colony Insurance Company* agreed. No. 19-cv-03155-PAB-NRN, 2020 WL 1061001, at *2 (D. Colo. Mar. 5, 2020). There, the court conducted a statutory analysis and concluded that the JVCA, "in conjunction with § 1446(2)(A)'s silence as to the time to consent, demonstrates that Congress did not intend for consent to removal to be tied to the thirty[-]day period to file a notice of removal." *Id.* at *1. Instead, the court pointed to the "practical deadline" of consent needing to be filed prior to any

7

motion to remand. *Id.* at *2. The court reasoned that "[i]f a defendant can simply consent to removal after a motion to remand has been filed, a plaintiff will have been forced to expend time and resources filing a motion that can be rendered immediately moot by a late-in-the process consent to removal." *Id.*

In this case, the Court recognizes that the issue "is a matter of unsettled law," *Centura Health*, 2018 WL 3454976, at *3, and Tenth Circuit guidance is needed.[3] But after examining the parties' briefs and the relevant authorities, the Court is persuaded by the reasoning of *Centura Health* and *Sage Communications*. Although the removal statues should be strictly construed, "that maxim does not allow the Court to add or remove requirements from the removal statute that are not there." *Sage Commc'ns*, 2020 WL 1061001, at *2. As evidenced by the thirty-day deadline for removal, Congress could have created an explicit deadline for consenting to removal. This Court will not create a deadline when Congress did not. The Court will not opine on whether the consent to removal must be filed prior to a motion to remand—again, the removal statute is silent.[4] It is enough in this case that Ms. Boggs filed her notice of consent on May 3, 2022, prior to the Motion being filed. Because Ms. Boggs timely indicated her consent to removal, she cured the previous procedural defect. Therefore, remand is not warranted at this time.

---

[3] Indeed, as the parties' citations in their briefs demonstrate, federal courts around the country reach varying conclusions on when consent to removal must be filed. *Compare Griffioen v. Cedar Rapids and Iowa Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015) (finding Congress's failure to include a deadline for consent "dissuades us from adopting a rule that places form over substance"), *with Ahmed v. ASI Lloyds*, No SA-17-CA-00336-FB, 2017 WL 9401067, at *2 (W.D. Tex. July 7, 2017), *recommendation adopted*, 2017 WL 9403301 (W.D.Tex. Aug. 30, 2017) ("All then-served defendants who do not join in the removal petition must file written indication of their consent within the removal period.").

[4] That question is appropriately answered in a case in which the consent form is filed after the motion to remand is filed.

## CONCLUSION

The Notice of Removal filed in this case was procedurally defective because it was filed without the consent of all properly served parties. However, that defect was cured by Ms. Boggs's later-filed notice of consent. Accordingly, remand is not appropriate, and Plaintiffs' Motion [filed May 4, 2022; ECF 17] is **denied**.

Entered this 15th day of July, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

9